IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

    v.     Case No. 17-cr-000127-wmc

DALWAYNE HOWARD,

    Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

The United States of America, by its attorneys Scott C. Blader, U.S. Attorney for the Western District of Wisconsin, and Rita M. Rumbelow, Assistant United States Attorney, hereby submits this memorandum to aid the Court in the sentencing of the defendant.

A.    <u>Government's Sentencing Position</u>

With a reduction for acceptance of responsibility, the defendant's advisory sentencing guideline range is 15 to 21 months. The government believes a sentence of 21 months is reasonable and no greater than necessary to hold the defendant accountable for his crime, protect the public, and achieve parity with the sentences of similarly situated offenders. The government recommends this sentence based upon the following § 3553(a) factors:

    1.    <u>Nature and circumstances of the offense and the history and characteristics of the defendant</u>

On December 7, 2017, Howard was arrested because there two active arrest warrants stemming from two separate domestic incidence issued for him. (PSR, ¶15).

He was arrested at a hotel where he was staying. In his hotel room, officers recovered a 9mm pistol, a magazine loaded with 13 rounds of ammunition, two digital scales, 35 9mm rounds of ammunition, a grinder that field-tested positive for the presence of fentanyl, suspect controlled substances, and a container with a false bottom. (PSR, ¶ 18). Howard told police the firearm belonged to his friend, but that he had handled it in the hotel room. (PSR, ¶ 19). Howard admitted being a heroin user, and selling marijuana for a profit.

Howard's history and characteristics reveal that he is a danger to the community and he needs to be incarcerated to protect the public. At age 21, Howard was convicted of felony aggravated unlawful use of a weapon/vehicle.

At the time he committed the instant offense, there was also an active warrant for his arrest for violating conditions of probation, stemming from that felony conviction, which also involved the possession of a handgun. On November 25, 2017, and December 2, 2017, it is alleged that Howard committed violent acts of domestic abuse. [1] Howard has not been charged with those offenses, but he has been charged with false imprisonment, strangulation and suffocation, felony bail jumping, battery and disorderly conduct, all occurring on December 13, 2017. [2]

---

[1] Pursuant to 18 U.S.C. §3661, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

[2] Notably, this was after his December 7, 2017, arrest on the outstanding domestic violence warrants.

This Court can consider the pending charges during its §3553(a) analysis because judges may consider increasing a sentence based on pending criminal charges, or even charges of which the defendant has been acquitted. *United States v. Tiede*, 153 Fed. Appx. 978 (7th Cir. 2001), citing *United States v. Peterson,* 256 F.3d 612, 615 (7th Cir.2001); *United States v. Short,* 4 F.3d 475, 479 (1993). One of the factors a district court must consider is the nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1).

Although Howard does not have pending charges for the alleged December 1, 2017, incident, and there isn't an allegation that he possessed or used a firearm on December 13, 2017, it is worth noting that the female complainant from December 1 had photographs of the defendant, depicting him handling firearms, on her refrigerator. The packaging for the 9mm firearm the defendant possessed on December 7, 2017, was also in her apartment. (PSR, ¶45).

The defendant clearly wanted at least one of the women to know that he had access to firearms.

2.   The Need for a Guideline Sentence

Defendant Howard reports that he has his GED and he has not had a history of special education classes. Yet, he received four school suspensions from October to December 2009, all involving violence or profane language. (PSR, ¶ 92). This is relevant because it is clear that Howard needs anger management treatment. He also needs vocational training. Defendant Howard has four minor children whom he does not support, and he was not employed at the time of the instant offense. Instead, he was

3

using heroin, selling marijuana, and possessing firearms. A sentence of 21 months will afford adequate deterrence to criminal conduct.

    Dated this 13th day of August 2018.

                                    Respectfully submitted,

                                    SCOTT C. BLADER
                                  United States Attorney

                    By:       /s/
                                  RITA M. RUMBELOW
                                  Assistant United States Attorney